[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 10, 2001
THOMAS K. KAHN
CLERK

_____

No. 98-9169

_____

D. C. Docket No. 97-03266-1-CV-MHS

LAURA JEANNE JONES,
WILLIAM LEONARD JONES,

Plaintiffs-Appellants,

versus

NORDICTRACK, INC.,
NORDICTRACK FITNESS AT HOME,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 10, 2001)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

In Jones v. NordicTrack, Inc., 236 F.3d 658 (11th Cir. 2000), we certified the following question to the Supreme Court of Georgia: "Must a product be in use at the time of injury for a defendant to be held liable for defective design under theories of strict liability, negligence, or failure to warn?" Id. at 661. The Supreme Court of Georgia responded as follows:

> The answer is that in a products liability action for defective design the focus is not on use of the product. Under Georgia law, the proper analysis in a design defect case is to balance the risks inherent in a product design against the utility of the product so designed.

Jones v. NordicTrack, Inc., __ S.E.2d __ (2001). The Georgia Supreme Court thus made clear that product "use" is not a necessary predicate to liability in design defect cases, and the court further explained that the appropriate analysis instead entails a weighing of the risk/utility factors enunciated in Banks v. ICI Americas, 450 S.E.2d 671 (1994). Id. at __.

In granting judgment on the pleadings in favor of NordicTrack, Inc. and NordicTrack Fitness at Home ("NordicTrack"), the district judge focused exclusively on whether Plaintiff-Appellant Laura Jones was using the product at the time of her accident. Jones v. Nordictrack, Inc., R1-17-3 (N.D. Ga. May 7,

1998).  Finding that the product was not in "use" when Jones suffered her injury, the district judge treated this determination as dispositive of Jones's design defect claims and declined to balance the risk/utility factors laid down in <u>Banks</u>.  <u>Id.</u> at 6.

Consequently, we REVERSE the district court's grant of judgment on the pleadings in favor of NordicTrack and REMAND with instructions that the district court employ the <u>Banks</u> risk/utility balancing test in reconsideration of whether NordicTrack's motion should be granted.